IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON ZELONKA,<br>DAWN SIMPSON,<br>DIANNE LEE,<br>ALAN MANDELL,<br><br>    Plaintiffs,<br><br>v.<br><br>GALARDI SOUTH ENTERPRISES,<br>INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO:<br>)<br>)<br>)<br>)<br>) |

FILED IN CLERKS OFFICE

FEB 0 9 2007

JAMES ~~~~~~ EN, Clerk
By: ~~~~~~ Deputy Clerk

1: 07 - CV - 0354

## COMPLAINT FOR DAMAGES

COMES NOW, JASON ZELONKA, DAWN M. SIMPSON, DIANNE LEE,
and ALAN MANDELL, Plaintiffs in the above-styled action,
and pursuant to Fed.R.Civ.P. 7 and Fed.R.Civ.P. 8(a)(1),
sets forth the claims for relief as follows:

## JURISDICTION AND VENUE

1.

Plaintiffs invoke the jurisdiction of this Court
pursuant to 28 U.S.C. § 1331, § 1343(a)(4), and § 1345.
This action is also authorized and initiated pursuant to
Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. § 2000e, et. seq. ("Title VII"). See also § 102 of
the Civil Rights Act of 1991.

2.

The unlawful employment practices alleged in this
Complaint were committed within the Northern District of
Georgia. The Defendant conducts business within the United
States and within the Northern District of Georgia, and is
subject to the jurisdiction of this Court. In accordance
with 42 U.S.C. § 2000e and all relevant statutes, venue is
appropriate in this Court.

3.

Defendant Galardi South Enterprises, Inc. (hereinafter
"Galardi") is a person within the meaning of § 701 of Title
VII, 42 U.S.C. § 2000e(a), and an employer within the
meaning of § 701(b) of Title VII, 42 U.S.C. § 2000e(b) and
29 U.S.C.A. §§ 621 et. seq. Defendant can be served through
its registered agent: David L. Tank at 2900 Chamblee Tucker
Road, Building 1, Atlanta, Georgia 30341.

4.

Defendant is a domestic profit corporation operating
within the Northern District of Georgia. At all times
relevant, Defendant owned, operated, and managed Onyx Club
(formerly known as "Masters Gentlemen's Club").

2

5.

All conditions precedent to the filing of this suit have been performed. Plaintiffs have filed complaints with the Equal Employment Opportunity Commission and received Notices of Right to Sue. (Attached hereto as exhibits A - D).

**PARTIES**

6.

Plaintiffs refer to and hereby incorporate paragraphs 1-5 to support the following claims.

7.

Plaintiff Jason Zelonka is a male citizen of the United States of America and a resident of the state of Georgia. Plaintiff is subject to the jurisdiction of this Court.

8.

Plaintiff Dawn M. Simpson is a female citizen of the United States of America and a resident of the state of Georgia. Plaintiff is subject to the jurisdiction of this Court.

9.

Plaintiff Dianne L. Lee is a female citizen of the United States of America and a resident of the state of

3

Georgia. Plaintiff is subject to the jurisdiction of this Court.

10.

Plaintiff Alan J. Mandell is a male citizen of the United States of America and a resident of the state of Georgia. Plaintiff is subject to the jurisdiction of this Court.

11.

In accordance with Rule 20(a) of the Federal Rules of Civil Procedure, all Plaintiffs are hereby filing because the rights asserted arise "out of the same transaction, occurrence, or series of transactions or occurrences" and there are several common questions of law and fact that will arise in the action. Fed.R.Civ.P. 20.

12.

At all relevant times, Plaintiffs were employees of Defendant and terminated for unlawful purposes.

13.

Plaintiffs were all terminated because they are Caucasian.

14.

Defendant Galardi South Enterprises, Inc. is a person within the meaning of § 701 of Title VII, 42 U.S.C. § 2000e(a), and an employer within the meaning of § 701(b) of

Title VII, 42 U.S.C. § 2000e(b) and 29 U.S.C.A. §§ 621 et.
seq., and therefore is subject to the jurisdiction of this
Court. Defendant conducts business in Atlanta, Georgia and
therefore venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

15.

Plaintiffs refer to and hereby incorporate paragraphs
1-14 to support the following claims.

16.

· Plaintiffs Jason Zelonka, Dawn Simpson, Dianne Lee and
Alan Mandell timely filed charges of discrimination against
Defendant with the Equal Employment Opportunity Commission
(hereinafter "EEOC").

17.

The EEOC issued a "Notice of Right to Sue" on November
29, 2006, entitling Plaintiff Jason Zelonka to commence
this action within ninety (90) days of his receipt of that
notice. This action has been commenced within ninety (90)
days of Plaintiff Jason Zelonka's receipt of that notice.
(See Exhibit A, Notice of Right to Sue for Plaintiff Jason
Zelonka).

18.

The EEOC issued a "Notice of Right to Sue" on November
29, 2006, entitling Plaintiff Dawn Simpson to commence this

action within ninety (90) days of her receipt of that notice. This action has been commenced within ninety (90) days of Plaintiff Dawn Simpson's receipt of that notice. (See Exhibit B, Notice of Right to Sue for Plaintiff Dawn Simpson).

19.

The EEOC issued a "Notice of Right to Sue" on November 29, 2006, entitling Plaintiff Dianne Lee to commence this action within ninety (90) days of her receipt of that notice. This action has been commenced within ninety (90) days of Plaintiff Dianne Lee's receipt of that notice. (See Exhibit C, Notice of Right to Sue for Plaintiff Dianne Lee).

20.

The EEOC issued a "Notice of Right to Sue" on December 1, 2006, entitling Plaintiff Alan Mandell to commence this action within ninety (90) days of his receipt of that notice. This action has been commenced within ninety (90) days of Plaintiff Alan Mandell's receipt of that notice. (See Exhibit D, Notice of Right to Sue for Plaintiff Alan Mandell).

## PLAINTIFF JASON ZELONKA'S CAUSES OF ACTION

### COUNT I: TITLE VII RACE DISCRIMINATION

21.

Plaintiffs refer to and hereby incorporate paragraphs 1-20 to support the following claims.

22.

Plaintiff Jason Zelonka is a Caucasian male thirty-six (36) years of age.

23.

Plaintiff Jason Zelonka was hired by Defendant as a disc-jockey in January 2005 at the Masters Gentlemen's Club (hereinafter "Masters"). At all times relevant, Masters was owned and operated by Defendant Galardi South Enterprises, Inc.

24.

During August 2006 a private birthday party was held at Masters for Jermaine Dupree – a prominent African-American hip-hop music producer originally from the metro-Atlanta area.

25.

A few days after the party, Plaintiff Jason Zelonka had a conversation with the Masters' then-general manager, David Lamb. Mr. Lamb told Plaintiff Jason Zelonka that a large crowd came to the club for the party, most of whom

were African-American, and that the owner's eyes "lit up like Christmas trees. He saw big dollar signs."

26.

Over the next month, Plaintiff Jason Zelonka had several more conversations with Mr. Lamb about the future of the club. During this time, Mr. Lamb stated he "had a bad gut feeling about what was going on," implying that there were potential changes forthcoming in regards to the club's employees.

27.

On September 18, 2006, the decision was made by Defendant to change the format of the club. An African-American, Craig [last name unknown] (hereinafter "Craig"), was appointed as the club's new general manager replacing David Lamb. The name of the club changed from "Masters" to "Onyx." The music played during club hours changed from rock and roll/rhythm and blues to all rap and hip-hop music (a predominately African American produced genre).

28.

On September 24, 2006, Plaintiff Jason Zelonka was called at home by a manager of the club, Rick Hayes. Mr. Hayes informed me that "changes were being made" and that Plaintiff Jason Zelonka's employment was terminated.

8

29.

During that conversation, Mr. Hayes also told Plaintiff Jason Zelonka: "Mr. Craig is the new general manager and that he [Craig] was making changes. They [Defendant] wanted to take things in a different direction."

30.

Plaintiff Jason Zelonka then asked Mr. Hayes what exactly was meant by a "different direction" and Mr. Hayes said that it meant a "darker direction" – clearly implying that the club was changing formats in order to attract more African American patrons.

31.

As a Caucasian disc-jockey in a club that wanted to attract more African American patrons, Plaintiff Jason Zelonka was terminated because of his race.

32.

Since Plaintiff Jason Zelonka's termination, several other Caucasian employees of Masters were terminated, including, but not limited to Richard Hayes.

33.

Plaintiff Jason Zelonka was terminated despite the fact that he was employed as a disc-jockey for Defendant

for nearly two years without reprimand, suspension, or censure.

34.

Plaintiff Jason Zelonka was terminated because of his race, and subsequently replaced by an African American disc jockey.

35.

Defendant unlawfully discharged Plaintiff Jason Zelonka because of Plaintiff Jason Zelonka's race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

36.

The effect of the conduct complained of herein has been to Deprive Plaintiff Jason Zelonka of equal employment opportunity, and has otherwise effected his status as an employee because of his race.

37.

The aforementioned discrimination was committed willfully and with malicious and reckless disregard for the rights of Plaintiff Jason Zelonka.

38.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff Jason Zelonka has been

10

made a victim of acts that have adversely affected his psychological well-being.

39.

Accordingly, Defendant is liable for all general damages, as well as for special damages proximately resulting from this wrongful conduct.

## PLAINTIFF DAWN SIMPSON'S CAUSES OF ACTION

### COUNT I: TITLE VII RACE DISCRIMINATION

40.

Plaintiffs hereby refer to and incorporate paragraphs 1-39 to support the following claims.

41.

Plaintiff Dawn Simpson is a Caucasian female, age forty-five (45) years.

42.

Plaintiff Dawn Simpson was hired by Defendant on or about September 1, 2006 as an exotic dancer at Masters Gentlemen's Club (hereinafter "Masters"). At all times relevant, Masters was owned and operated by Defendant Galardi South Enterprises, Inc.

43.

Soon after beginning her employment with Masters, Plaintiff Dawn Simpson began to hear rumors from fellow employees that the club was going to change to an "all

11

black format" - meaning that changes would be made with respect to the entertainers, employees, and music in order for the club to attract more African American patrons.

44.

On Monday, September 25, 2006, Plaintiff Dawn Simpson worked her usual afternoon shift which ended at approximately 8:00 pm.

45.

After completing her shift, the club's new African-American house mom, who replaced the previous Caucasian house mom, asked Plaintiff Dawn Simpson to accompany her outside the dressing room so the two of them could have a discussion.

46.

Once outside, the new house mom informed Plaintiff Dawn Simpson that the club was "changing format" and that her employment was terminated.

47.

Plaintiff Dawn Simpson then returned to the inside of the club and sought out the general manager of the club for an explanation.

48.

Craig, the club's general manager, reminded her that the club was "changing its format" and that she "no longer

12

fit in. He added that the club was "going more rap [music]," and she responded that she frequently danced to "hip-hop [music, a form of rap music]."

49.

Plaintiff Dawn Simpson was terminated because of her race, and subsequently replaced by an African American dancer.

50.

Defendant unlawfully discharged Plaintiff Dawn Simpson because of Plaintiff Dawn Simpson's race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

51.

The aforementioned discrimination was committed willfully and with malicious and reckless disregard for the rights of Plaintiff Dawn Simpson.

52.

The effect of the conduct complained of herein has been to Deprive Plaintiff Dawn Simpson of equal employment opportunity, and has otherwise effected her status as an employee because of his race.

13

53.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff Dawn Simpson has been made a victim of acts that have adversely affected her psychological well-being.

54.

Accordingly, Defendant is liable for all general damages, as well as for special damages proximately resulting from this wrongful conduct.

## PLAINTIFF DIANNE LEE'S CAUSES OF ACTION

## COUNT I: TITLE VII RACE DISCRIMINATION

55.

Plaintiffs hereby refer to and incorporate paragraphs 1-54 to support the following claims.

56.

Plaintiff Dianne Lee is a Caucasian female sixty-three (63) years of age.

57.

Plaintiff Dianne Lee began working for Defendant at Masters Gentlemen's Club (hereinafter "Masters") as a "house mom" and assistant to the manager on or about March 3, 2006. At all times relevant, Masters was owned and operated by Defendant Galardi South Enterprises, Inc.; the

14

manager of Masters at the time of Plaintiff's hiring was
David Lamb.

58.

On or about August, 2006 a private birthday party was
held at Masters for Jermaine Dupree - a prominent African-
American hip-hop music producer originally from the metro-
Atlanta area.

59.

Due to the large crowd that attended the event, most
of which was African-American, the club's owner decided to
change the club's "format" to one that would attract a
larger African-American clientele.

60.

To this end, the club's owner at the time of Plaintiff
Dianne Lee's hiring, David Lamb (Caucasian male) was
demoted and an African-American male, Craig [last name
unknown] (hereinafter "Craig"), was appointed as the new
general manager at Masters.

61.

On or about September 24, 2006, Rick Hayes, an
employee of Masters, requested a private discussion with
Plaintiff Dianne Lee.

62.

Mr. Hayes informed Plaintiff Dianne Lee that, "due to the fact that [the club's] format was changing, Craig was bringing in his own black house moms" and that Plaintiff was therefore terminated.

63.

Plaintiff Dianne Lee was terminated despite the fact that she was an exemplary employee.

64.

Plaintiff Dianne Lee was terminated because of her race, and subsequently replaced by an African American house mom.

65.

Defendant unlawfully discharged Plaintiff Dianne Lee because of Plaintiff Dianne Lee's race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

66.

The aforementioned discrimination was committed willfully and with malicious and reckless disregard for the rights of Plaintiff Dianne Lee.

67.

The effect of the conduct complained of herein has been to Deprive Plaintiff Dianne Lee of equal employment

16

opportunity, and has otherwise effected her status as an employee because of his race.

68.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff Dianne Lee has been made a victim of acts that have adversely affected her psychological well-being.

69.

Accordingly, Defendant is liable for all general damages, as well as for special damages proximately resulting from this wrongful conduct.

## PLAINTIFF ALAN MANDELL'S CAUSES OF ACTION

## COUNT I: TITLE VII RACE DISCRIMINATION

70.

Plaintiffs refer to and hereby incorporate paragraphs 1-69 to support the following claims.

71.

Plaintiff Alan Mandell is a Caucasian male fifty-four (54) years of age.

72.

Plaintiff Alan Mandell was employed as a part-time disc jockey at the Masters Gentlemen's Club (hereinafter "Masters") until his termination on or about June 2, 2006.

17

At all times relevant, Masters was owned and operated by Defendant Galardi South Enterprises, Inc.

73.

There were rumors amongst the employees that the club was changing formats, and planning on catering to a more predominantly African-American clientele.

74.

As a Caucasian disc-jockey in a club that wanted to attract more African American patrons, Plaintiff Alan Mandell was terminated because of his race.

75.

Since Plaintiff Alan Mandell's termination, several other Caucasian employees of Masters were terminated, including, but not limited to Richard Hayes, Plaintiff Jason Zelonka, Plaintiff Dianne Lee and Plaintiff Dawn Simpson.

76.

Plaintiff Alan Mandell was terminated because of his race, and subsequently replaced by an African American disc jockey.

77.

Defendant unlawfully discharged Plaintiff Alan Mandell because of Plaintiff Alan Mandell's race in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e-2(a)(1).

78.

Defendant unlawfully discharged Plaintiff Alan Mandell
because of Plaintiff Alan Mandell's race in violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e-2(a)(1).

79.

The aforementioned discrimination was committed
willfully and with malicious and reckless disregard for the
rights of Plaintiff Alan Mandell.

80.

The effect of the conduct complained of herein has
been to Deprive Plaintiff Alan Mandell of equal employment
opportunity, and has otherwise effected his status as an
employee because of his race.

81.

As a direct and proximate result of Defendant's
violation of Title VII, Plaintiff Alan Mandell has been
made a victim of acts that have adversely affected his
psychological well-being.

82.

Accordingly, Defendant is liable for all general damages, as well as for special damages proximately resulting from this wrongful conduct.

83.

The aforementioned discrimination was committed willfully and with malicious and reckless disregard for the rights of Plaintiff.

### PLAINTIFFS JASON ZELONKA, DAWN SIMPSON

### DIANNE LEE AND ALAN MANDELL'S

### COUNT II: PUNITIVE DAMAGES

84.

Plaintiffs refer to and hereby incorporate paragraphs 1-83 to support the following claims.

85.

The foregoing acts of Defendant were intentional and humiliating. Defendant evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiffs are accordingly entitled to recover from Defendant, in addition to compensatory damages, an award of punitive damages in order to punish Defendant, or to deter Defendant from repeating such wrongful acts.

**PLAINTIFFS JASON ZELONKA, DAWN SIMPSON**

**DIANNE LEE AND ALAN MANDELL'S**

**COUNT III: BAD FAITH/EXPENSES IN LITIGATION**

86.

Plaintiffs refer to and hereby incorporate paragraphs 1-84 to support the following claims.

87.

The foregoing acts of Defendant (through the actions of its employees) evinces a species of bad faith that entitles the Plaintiffs to recover necessary expenses of litigation, including an award of reasonable attorney's fees and expenses of litigation.

WHEREFORE, Plaintiffs Jason Zelonka, Dawn Simpson, Dianne Lee and Alan Mandell demand the following relief:

(A)  That the Court adjudicate and declare that the conduct of Defendant and its employment practices and policies complained of herein violated the Plaintiff's rights as secured under Title VII and the Civil Rights Act of 1991;

(B)  That the Court order Defendant to make Plaintiff whole under Title VII by providing the

21

appropriate back pay in an amount to be shown at trial, and other affirmative relief;

(C) That Plaintiffs recover from Defendant compensatory damages for the suffering Plaintiffs have endured as a result of Defendant's discriminatory acts in such amount as the jury determines to be appropriate under the circumstances;

(B) Trial by a jury of 12;

(c) That the Court grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, assigns and other representatives, from further discriminatory conduct of this nature in the future;

(D) That Plaintiffs have and recover against Defendant a judgment for punitive and/or exemplary damages under federal law as a result of Defendant's willful, wanton, and malicious conduct in such an amount as the jury determines to be appropriate under the circumstances;

(E) That Plaintiffs have and recover pre-judgment interest for all general and special damages sustained by Plaintiff;

(E)   That Plaintiffs have and recover necessary
      expenses of litigation, including reasonable
      attorney's fees;

(F)   That the costs of this action be cast upon the
      Defendant; and

(G)   That Plaintiffs be awarded such other and further
      relief as this Court may deem just and proper.


This _____ 8 _____ day of _Febnuary_____, 2007.


                              _Lynley R. Teras_
                              Adam S. Jaffe
                              Georgia Bar No. 388760
                              Lynley R. Teras
                              Georgia Bar No. 142420


Atlanta Trial Lawyers Group - ATLG
of Adam S. Jaffe & Associates, LLC
1401 Peachtree Street
Suite 300
Atlanta, GA 303090
(404) 881-8866
Fax: (404) 541-0776